IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MUNICIPALITY OF DOTHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-289-ECM-JTA |
| | ) (WO) |
| KETAVIOUS JAVON HAMMOND, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Notice of Removal filed by *pro se*[1] Defendant Kentavious Javon Hammond. (Doc. No. 1.) Hammond is attempting to remove an action from the municipal court of Dothan, Alabama, in which he is charged with two violations of Alabama's traffic laws: speeding in a school zone, *see* Ala. Code 1975 §§ 32-5A-185, -171, -177, and failure to display insurance, *see* Ala. Code 1975 § 32-7A-16(b)(1). These violations are criminal in nature.[2]

---

[1] The court construes Defendant's filings leniently because he is *pro se*. "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks and citation omitted). Moreover, as the court previously advised Defendant (Doc. No. 4 at 1 n.1; Doc. No. 4 at 6), though he is *pro se*, he is required to comply with court orders and the Federal Rules of Civil Procedure. *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013) ("*[P]ro se* litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders.").

[2] Ala. Code 1975 § 32-5A-8 ("It is a misdemeanor for any person to violate any of the provisions of this chapter or of Title 32, unless such violation is by this chapter or other law of this state declared to be a felony."); Ala. Code 1975 § 32-7A-16(b)(1) ("A person shall be guilty of a traffic violation who ... [o]perates a motor vehicle and upon demand of a law enforcement officer, fails

For the reasons stated below, the undersigned recommends that this action be summarily remanded to the municipal court of Dothan, Alabama.

## I. JURISDICTION

This action has been referred to the undersigned pursuant to 28 U.S.C. § 636 "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 3.) The notice of removal fails to establish the basis of subject matter jurisdiction of this municipal traffic court action.

## II. DISCUSSION

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Removal statutes are to be strictly construed, and "[r]emoval of state criminal prosecutions is permitted under very limited circumstances." *Fla. v. Anderson*, No. 3:23-CV-188-TJC-LLL, 2023 WL 2206506, at *1 (M.D. Fla. Feb. 24, 2023) (citing *Syngenta*, 537 U.S. at 32).

When criminal proceedings are removed to the federal district court, the district court "shall examine the notice [of removal] promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted,

---

or refuses to present satisfactory evidence of insurance unless a law enforcement officer verifies motor vehicle liability insurance coverage through the online insurance verification system."); *see White v. State*, 479 So. 2d 1368, 1375 (Ala. Crim. App. 1985) (holding that "[s]peeding is a misdemeanor" classified as a "public offense" in Alabama).

2

the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Here, the notice of removal does not affirmatively show a legitimate basis for subject matter jurisdiction or legitimate grounds for removal. Defendant attempts to use a United States Code section concerning admiralty jurisdiction as the basis for removal, but admiralty jurisdiction is not a legitimate basis for removing a criminal proceeding from a municipal court for traffic violations in a school zone.[3] *See Anderson*, 2023 WL 2206506, at \*\*1-2 & n.1 (discussing the legitimate statutory grounds for removal of a criminal case and remanding the action because none of those grounds applied to the removed action, which was a "criminal prosecution" that "pertain[ed] to various traffic violations such as failing to have a valid driver's license, exceeding the speed limit, improperly changing lanes, and fleeing a law enforcement officer").

---

[3] Defendant gives no indication that the traffic infraction occurred either on the high seas or on property described in 18 U.S.C. § 7(3), (9), the bold-faced code sections Defendant attached to his notice of removal. These code sections are commonly used by so-called sovereign citizens to create nonsensical jurisdictional arguments. Sovereign citizens' arguments are invariably constructed by magical thinking that is meaningless in the real world of the federal judicial system, where words are used non-thaumaturgically and have meanings with consequences equally applicable to everyone regardless of professed citizenship status. Sovereign-citizen-type arguments may be ignored without discussion. *See, e.g., Eddie Alexander Banks v. Shenandoah Gen. Constr. Co.*, No. 2:19-cv-754-FTM-60MRM, 2019 WL 13245734, at \*1 (M.D. Fla. Nov. 15, 2019) (warning a *pro se* litigant "that the arguments and legal theories espoused by sovereign citizens have been consistently rejected as 'utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars.'" (quoting *Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at \*2 (N.D. Fla. Mar. 12, 2018)); *Sealey v. Branch Banking & Tr. Co.*, No. 2:17-cv-785-MHT-SMD, 2019 WL 1434065, at \*2 (M.D. Ala. Feb. 21, 2019) (referring to "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement").

Not only does the notice of removal appear to have no legitimate substantive or jurisdictional basis, but it fails to comply with 28 U.S.C. § 1455(a)-(b). Section 1455 governs the procedure for removal. That code section provides as follows:

> (a) Notice of removal.—A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements.—
>
>   (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(a)-(b). Notably, the notice of removal is not signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.[4] Nor does it contain a coherent short and plain statement of any legitimate grounds for removal. *See Georgia v. Hardrick*, No. 4:23-CV-44-CDL-MSH, 2023 WL 7458852, at *3 (M.D. Ga. Mar. 17, 2023) (recommending summary remand of a state court DUI prosecution where the notice of removal was procedurally deficient and did not contain a short, plain statement of the grounds for

---

[4] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures. Rule 11 applies to counsel and unrepresented parties alike. Fed. R. Civ. P. 11(a)-(b).

removal), *report and recommendation adopted*, No. 4:23-CV-44 (CDL), 2023 WL 7458850 (M.D. Ga. May 15, 2023).

Also, 28 U.S.C. § 1455(b)(2) provides:

> A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

28 U.S.C. § 1455(b)(2). As another court explained in a case in which a *pro se* litigant attempted to remove a criminal prosecution for driving without a license and other offenses, the failure to state "all grounds for ... removal" in compliance with § 1455(b)(2) "is not one that [a litigant] may ordinarily correct belatedly, because ('absent good cause shown')," § 1455(b)(2) provides that failure to state a legitimate basis for the removal operates as a waiver of all grounds for removal that existed at the time of removal. *Davis v. State*, *Fulton Cnty., Georgia*, No. 1:22-CV-2800-LMM-RDC, 2022 WL 22308797, at *1 (N.D. Ga. Aug. 10, 2022) (recommending remand), *report and recommendation adopted sub nom. Davis v. State*, No. 1:22-CV-02800-LMM, 2022 WL 22308982 (N.D. Ga. Sept. 12, 2022).

On May 22, 2024, the court entered an Order notifying Defendant of the deficiencies in the notice of removal and ordering him to comply with the following:

> **On or before June 7, 2024**, Defendant shall file, in writing, a document (a) establishing a permissible basis for removal and for the exercise of subject matter jurisdiction in this action, and (b) showing good cause, in accordance with 28 U.S.C. § 1455(b)(2), why this action should not be summarily remanded. Defendant shall sign the document in accordance with Rule 11 of the Federal Rules of Civil Procedure. If there are no legitimate grounds for

> removal or the exercise of jurisdiction, Defendant may instead file, in writing, a document that acknowledges that fact and is signed in accordance with Rule 11. Defendant may not elect to simply file nothing. **Failure to timely comply with this paragraph will result in summary remand and may result in sanctions for failure to prosecute and failure to comply with court orders.**

(Doc. No. 4 at 6 (emphasis in original).) In addition, in the May 22, 2024 Order, the court noted that Defendant neither paid the filing fee nor filed a motion for leave to appear *in forma pauperis*. The court advised Defendant that he "must do one or the other" and provided a deadline of June 7, 2024 for Defendant to either pay the filing fee or move for leave to proceed *in forma pauperis*. (*Id*. at 5-6.) The court instructed Defendant which form he should use for his IFP motion and instructed the Clerk of the Court to provide him with a copy of the form.

The deadline to comply with the May 22, 2024 Order has expired. Defendant has neither demonstrated that plausible grounds exist for removal jurisdiction, nor demonstrated good cause for failing to set forth the basis for removal jurisdiction in the notice of removal. On the face of the removal, it clearly appears that no legitimate basis for removal is indicated, and any grounds not stated in the removal notice have been waived. 28 U.S.C.A. § 1455(b)(2). Further, the notice of removal is procedurally deficient. Therefore, this action is due to be summarily remanded. 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."); *Hardrick*, 2023 WL 7458852 at **1-3 (recommending summary remand of a traffic ticket case because of the procedural deficiencies in the notice of removal and because the notice failed

to state a legitimate basis for removal); *Anderson*, 2023 WL 2206506, at *2; *Davis*, 2022 WL 22308797, at *3.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be summarily REMANDED to the municipal court of Dothan, Alabama.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **July 15, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Defendant is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 28th day of June, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE